UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARWAN HASAN HANDSOME,

    Plaintiff,

v.

ERIKA SEXTON,

    Defendant.

Case No. 24-10948
Honorable Laurie J. Michelson
Magistrate Judge Patricia T. Morris

**ORDER ADOPTING REPORT AND RECOMMENDATION [25] AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [21] AND DISMISSING CASE WITHOUT PREJUDICE**

While incarcerated at the Bellamy Creek Correctional Facility, Marwan Handsome brought this *pro se* action claiming that the prison was interfering with his ability to send and receive legal mail. (ECF Nos. 1, 11.) All pretrial matters in this case were referred to Magistrate Judge Patricia T. Morris. (ECF No. 15.)

In time, Sexton filed a motion for summary judgment arguing that Handsome failed to exhaust his claims as required by the Prison Litigation Reform Act. (ECF No. 21.) After Handsome responded (ECF No. 23), Judge Morris issued a Report and Recommendation that the motion for summary judgment be granted and the case be dismissed without prejudice (ECF No. 25). At the conclusion of her Recommendation, Judge Morris notified the parties that they were required to file any objections within 14 days of service, pursuant to Federal Rule of Civil Procedure 72(b)(2) and Eastern District of Michigan Local Rule 72.1(d), and that "[f]ailure to file specific objections constitutes a waiver of any further right of appeal." (ECF No. 25, PageID.108–109.)

On January 28, 2025, Judge Morris' Recommendation was served by mail on Handsome at the Bellamy Creek Correctional Facility. But just a few days later, Handsome informed the Court that he was moved to the Chippewa Correctional Facility. (ECF No. 26.) So the Court mailed the Recommendation to his updated address on February 12, 2025, to ensure that Handsome received it.

Since these mailings, the Court received no objections, and the window of time for Handsome to file objections to the Report and Recommendation is now closed. As referenced, the relevant Rules create a 14-day objection period. Since Handsome was served via mail, three days are added to the objection period under Federal Rule of Civil Procedure 6(d). And the prison mailbox rule also applies here, so Handsome's objections would be considered filed when he delivered them to prison authorities for mailing. In all, waiting the 17-day objection period and allowing some time for the Court to receive objections that Handsome may have mailed, it has now been over 30 days since the Recommendation was served.

It is well established in the Sixth Circuit that "a party shall file objections with the district court or else waive right to appeal." *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981). As the Supreme Court explained in *Thomas v. Arn*, the Sixth Circuit's waiver-of-appellate-review rule rests on the assumption that the parties' failure to object to a magistrate judge's Report and Recommendation is a procedural default "waiving review even at the district court level." 474 U.S. 140, 149 (1985); *see also Garrison v. Equifax Info. Servs., LLC*, No. 10-13990, 2012 WL 1278044, at *8 (E.D. Mich. Apr. 16, 2012) ("The Court is not obligated to review the

portions of the report to which no objection was made." (citing *Thomas*, 474 U.S. at 149–52)). The Supreme Court further held that this rule does not violate either the Federal Magistrates Act or the Federal Constitution. *Thomas*, 474 U.S. at 155.

The Court therefore finds that the parties have waived further review of the Judge Morris' Report and Recommendation and accepts the recommended disposition. (ECF No. 25.) It follows that Defendant's motion for summary judgment (ECF No. 21) is GRANTED and this case is DISMISSED WITHOUT PREJUDICE.

SO ORDERED.

Dated: March 14, 2025

s/Laurie J. Michelson  
LAURIE J. MICHELSON  
UNITED STATES DISTRICT JUDGE